IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HILDA HORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACTION NO. 2:05cv997-CSC |
| | ) | (WO) |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I. Introduction**

The plaintiff, Hilda Horne ("Horne"), applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.*, alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. Horne then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. Horne subsequently requested that the Appeals Council review the ALJ's decision. The Appeals Council rejected Horne's request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v.*

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

*Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C. § 405 (g) and § 1631(c)(3).  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to entry of final judgment by the United States Magistrate Judge.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and this case remanded to the Commissioner for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. § 404.1520, §416.920.

> (1)  Is the person presently unemployed?
> (2)  Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)  Is the person unable to perform his or her former occupation?
> (5)  Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. Administrative Proceedings

Horne was 48 years old at the time of the hearing before the ALJ. (R. 31.) She has completed ninth grade. (*Id*.) Horne's prior work experience includes working as a cashier at a convenience store. (R. 35, 97.) Horne alleges that she became disabled due to depression,

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

back problems, and multiple injuries from an automobile accident, including fractures of her rib, shoulder, foot, collarbone, and jaw, a crush injury to the left side of her cheekbone and face, and a right-sided skull fracture. (R. 34, 97.) Horne alleges that she became unable to work due to these impairments on August 1, 2002. (R. 87.) Following the hearing, the ALJ concluded that Horne has severe impairments of osteoarthritis in the thoracic, lumbosacral, and cervical spine. (R. 23.) The ALJ found that Horne also suffers from non-severe impairments of partial facial palsy due to motor vehicle accident, osteopenia, and hypertension. (*Id.*) Based upon a review of the record and the vocational expert's testimony, the ALJ found that Horne retained the residual functional capacity to perform her past relevant work as a cashier. (R. 25.) Accordingly, the ALJ concluded that Horne was not disabled. (*Id.*)

Upon the ALJ's denial of her claim, Horne requested that the Appeals Council review the ALJ's decision. Horne provided additional medical evidence to the Appeals Council, including documentation indicating that she was involuntarily committed to Searcy Hospital due to a suicide attempt. The Appeals Council concluded as follows:

> Subsequent to your request for review on December 22, 2004, the Appeals Council received evidence of your hospitalization at Searcy Hospital from November 10, 2004, to December 2, 2004. The evidence was thoroughly considered in the adjudication of your claim. After careful evaluation of these records, we concluded that despite this brief period of decompensation, without a history of psychiatric hospitalizations, there is no suggestion that these mental symptoms would last for a period of 12 months or more. This episode was situational in nature [and] did not constitute a severe mental impairment during the relevant time period.
>
> Upon review, the Appeals Council determined that this

4

>evidence did not provide a basis for changing the Administrative Law Judge's decision.

(R. 7.)

### IV.  The Plaintiff's Claims

1. The Commissioner's decision should be reversed because the ALJ erred in not applying the three-part pain standard as the Eleventh Circuit requires.

2. The Commissioner's decision should be reversed or remanded in the alternative because of new evidence of Ms. Horne's mental impairment subsequent to the hearing.

(Doc. No. 13, p. 12.)

### V.  Discussion

Horne raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). However, the court pretermits discussion of Horne's specific arguments because the court concludes that the ALJ erred as a matter of law, and thus, this case is due to be remanded for further proceedings. Specifically, the court finds that the ALJ failed to ensure that Horne knowingly waived her right to representation and that both the ALJ and Appeals Council failed to fully develop the record with respect to Horne's mental impairments.

Prior to the hearing before the ALJ, Horne was notified of her right to be represented by an attorney or other qualified person of her choice. Horne appeared without counsel, however, and executed a form indicating that she was willing to proceed alone at the

5

administrative hearing. (R. 75.) After Horne signed the waiver, the following dialogue between the ALJ and Horne occurred:

> ALJ: This is the case of Hilda Horne. . . . The case is being heard in Montgomery, Alabama on August the 19th. And the claimant is not represented, but has indicated that she understands her rights to representation and wishes to go forward with the hearing. Excuse me. We will make that Exhibit 8B in the file. Do you have any questions about that?
>
> Horne: No, sir.

(R. 29.) Following this brief exchange, the ALJ proceeded with the hearing.

The statutory right to a representative at an administrative hearing may be waived. *Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir. 1982); 42 U.S.C. § 406. When a disability claimant is unrepresented by an attorney, the duty of an ALJ to develop a full and fair record rises to a special level. *Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982). The ALJ must conscientiously probe into, inquire of, and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Under this standard, the court is "'not required to determine that the presence of counsel would necessarily have resulted in any specific benefits in the handling of the case before the ALJ.'" *Brown v. Shalala*, 44 F.3d 931, 936 (11th Cir. 1995) (quoting *Clark v. Schweiker*, 677 F.2d 826, 828 (11th Cir. 1982)). A remand to the Commissioner is not warranted unless the plaintiff shows prejudice arising from lack of representation. *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985).

6

> This at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision. *See Smith*, 677 F.2d at 830 (relevant inquiry is whether the record reveals evidentiary gaps which result in unfairness or clear prejudice).

*Id.* at 1540.

Although Horne acknowledged that she had no questions regarding the waiver form, the ALJ did not ensure that Horne had "an understanding that she had other options which were explored or rejected." *See Brown*, *supra*. The ALJ did not explain that there were attorneys who would provide representation to her or otherwise advise her of her rights. In addition, the ALJ failed to inform Horne that she would not have to compensate an attorney unless her case was successful. The ALJ also did not ask Horne whether she had contacted any organizations for assistance or whether she needed additional time to secure an attorney. The record shows only that Horne signed the waiver form. While that form did provide to her some explanation of her right and how lawyers might handle fees, the ALJ did nothing to insure that Horne, with only a ninth grade education, understood her rights. Based on this record, the court cannot conclude that Horne knowingly and voluntarily waived her right to be represented at the hearing. *Id.*

The court further concludes that Horne was prejudiced by the ALJ's failure to fully develop the record concerning Horne's mental condition. Specifically, the ALJ failed to consider whether additional medical evidence concerning Horne's treatment for depression was necessary, particularly in light of testimony that Horne was prescribed antidepressant medication. It is error for the ALJ to fail to obtain additional testing or otherwise develop the

evidence, if that information is necessary to make an informed decision. *See Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988). During the hearing before the ALJ, Horne testified that she takes Zoloft for depression.[4] (R. 34.) Medical records provided to the ALJ prior to his October 28, 2004 decision also demonstrate that Horne received treatment for a mental condition. For example, on February 4, 2003, Horne reported to Dr. Kenneth Taylor, an orthopaedic specialist, that she took Zoloft. (R. 223.) On May 31, 2004, Dr. Viljay V. Vyas, a consultative nephrologist, indicated that Horne took several medications for her medical problems, including 200 milligrams of Zoloft. (R. 240.) Additionally, on her list-of-medications form, Horne reported that, since July 2002, she has taken Zoloft once a day for treatment of depression and that Dr. Dharmesh Kumar Patel is her treating physician. (R. 138.) Notwithstanding the ALJ's listing of some of Horne's medications in his analysis, the ALJ omitted or ignored evidence that Horne was taking Zoloft specifically for depression. (R. 20.) Moreover, the record demonstrates that the ALJ did not obtain Dr. Patel's medical records prior to entering his decision to deny benefits.

While the burden is on Horne to submit evidence establishing disability, the circumstances of this case demand that the ALJ take additional steps to see that the record is fully developed. The ALJ failed to consider evidence demonstrating that Horne suffered from depression, obtain medical records from Horne's general practitioner, or otherwise consider whether Horne sought further treatment for her mental condition. *See generally Baker v. Bowen*, 886 F.2d 289, 292 (10th Cir. 1989) (failure to obtain x-rays particularly a problem when

---

[4] Horne acknowledged that she did not receive treatment from a psychiatrist. (R. 34.)

claimant is complaining of arthritis, a disease commonly diagnosed by x-rays); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000) ("fail to see how the ALJ could have properly assessed the extent of arthritis without updated x-rays"). Thus, the ALJ's failure to develop the medical evidence requires this case be remanded for further proceedings. *See Holladay v. Bowen,* 848 F.2d at 1209.

Furthermore, the court cannot conclude that the Appeals Council's determination that Horne's mental impairment did not meet the Commissioner's twelve-month durational requirement, as set forth in 20 C.F.R. § 404.1505(a), is supported by substantial evidence.[5] Upon requesting a review of the ALJ's decision, Horne provided additional medical documentation concerning her mental impairments. These medical records clearly demonstrate that Horne's mental condition steadily worsened from May 2003 until her hospitalization in November 2004. As early as May 13, 2003, Dr. Patel diagnosed Horne as suffering from depression. (R. 275.) Horne was routinely prescribed 100 milligrams of Zoloft from May thru October 2003. (R. 267-75.) On October 22, 2003, Horne presented to Dr. Patel, complaining that she suffered from "bad nerves" and "no patience" and that her "Zoloft does not work." (R. 275.) Dr. Patel diagnosed Horne as suffering from depression and anxiety and increased her dosage of Zoloft. (R. 267.) During a follow-up visit concerning Horne's complaints of arthritis pain on September 27, 2004, Horne reported that "Zoloft [was] not helping symptoms." (R. 263.)

---

[5] The court notes that Horne was represented by counsel at the time she submitted her request for review of the ALJ's decision to the Appeals Council.

9

On November 10, 2004, Horne was involuntarily committed to the Alabama Department of Mental Health at Searcy Hospital for the treatment of mental illness. (R. 299.) Upon admission to the hospital, Horne's daughter reported that Horne attempted suicide by placing a gun to her head. (R. 460.) Horne reported to hospital personnel that "[p]rior to admission [she] was treated with Zoloft, but had been removed (the specific length of time is unknown) from that medication." (R. 460.) During her in-patient hospitalization from November 10, 2004, until her release on December 2, 2004, Horne received extensive mental health treatment, including counseling, group therapy, and medication. (R. 413-78.) Upon discharge on December 2, 2004, Horne was diagnosed as suffering from bipolar I disorder, depressed, severe with psychosis and was prescribed antipsychotic medication.[6] (R. 414.) The staff psychiatrist, Philip T. Massa, concluded that Horne's prognosis was "fair." (*Id*.)

It is clear that the Appeals Council did not consider Dr. Patel's records and relied solely on hospital records from an acute episode of decompensation in November 2004 in determining that Horne's mental condition did not last or could not be expected to last for a continuous period of not less than 12 months. The Appeals Council is not free to simply ignore medical evidence, nor may the Council pick and choose between the records selecting those portions which support its ultimate conclusion.

In addition, both the ALJ and Appeals Council failed to order additional testing with respect to Horne's mental health prior to denying her application for benefits. Pursuant to 20

---

[6] Specifically, Horne was prescribed Abilify, an antipsychotic medication used in the treatment of bipolar I disorder. *See* www.abilify.com.

C.F.R. § 416.917, the ALJ is required to order additional medical tests when the claimant's medical sources do not give sufficient medical evidence to make a determination as to disability. The Commissioner determined that Horne's mental condition did not constitute a severe mental impairment but did not consider all of Horne's medical records or secure necessary medical tests. The court therefore concludes that the Commissioner inadequately developed the record in this case by failing to secure additional evaluations or medical records regarding Horne's mental health. The court further concludes that the Commissioner could not make an informed decision based on the record, and thus, the Commissioner's decision is not supported by substantial evidence.

## V.  Conclusion

Accordingly, the court concludes that this case must be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.

A separate order shall accompany this opinion.

Done this 12th day of October, 2006.

                                         /s/Charles S. Coody
                                         CHARLES S. COODY
                                         CHIEF UNITED STATES MAGISTRATE JUDGE